

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:  KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax Number : (212) 637-2717



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

                     Plaintiff,

        - v. -

GREGORY GRIFFITH,

                    Defendant.
----------------------------------------x

**08 CV 3916**

VERIFIED COMPLAINT
08 Civ.

Plaintiff United States of America (the "United States"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, alleges upon information and belief that:

    1.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1345.

    2.  Defendant Gregory Griffith (the "defendant") resides at 244 5th Avenue, Apt. 2513, New York, New York 10001, within the Southern District of New York.

<u>FIRST CAUSE OF ACTION</u>

    3.  Defendant applied for and received student loans from the lender whose name is set out in the defendant's promissory notes evidencing the loans, copies of which are annexed hereto as Exhibit A and incorporated herein (the

"notes").

4.    Defendant defaulted on the notes and owes the amount the notes and interest.

5.    The United States is the assignee and present holder of the notes.

6.    The amount due and owing plaintiff by defendant on the notes is $95,128.25, plus interest in the amount of $48,003.37, as of April 9, 2008 (with interest accruing at the rate of 8.02 percent per annum on the principal balance of $79,639.40 and at the rate of 8.05 percent per annum on the principal balance of $15,488.85).  Certificates of Indebtedness from the United States Department of Education are annexed hereto as Exhibit B and incorporated herein.

<u>SECOND CAUSE OF ACTION</u>

7.    Plaintiff repeats and realleges the allegations contained in paragraphs numbered one through six.

8.    Plaintiff insured the notes pursuant to Title IV of the Higher Education Act of 1965, Public Law 89-329.

9.    The lender made an insurance claim on the United States for the amount of the lender's loss arising from the defendant's default on the notes, which claim has been paid by the United States to the lender.

10.    Plaintiff is entitled to be indemnified by defendant in the amount of $95,128.25 as of April 9, 2008, (with interest accruing at the rate of 8.02 percent per annum on the principal of $79,639.40 and at the rate of 8.05 percent per annum on the principal balance of $15,488.85).

WHEREFORE, plaintiff demands judgment against defendant in the amount of $143,131.62 plus interest as provided by law to the date of judgment and interest from the date of judgment at the legal rate until paid in full, together with costs and disbursements and for such other and further relief as this Court deems just and proper.

Dated:    New York, New York

April 24, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff

By: _____
KATHLEEN A. ZEBROWSKI
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone No.:  (212) 637-2710

VERIFICATION

STATE OF NEW YORK                )
COUNTY OF NEW YORK               : ss.:
SOUTHERN DISTRICT OF NEW YORK )

     KATHLEEN A. ZEBROWSKI, being duly sworn, deposes and says that she is an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, that she has read the foregoing complaint, and that the same is true and accurate to the best of her knowledge and belief.

 

KATHLEEN A. ZEBROWSKI
Assistant United States Attorney

Sworn to before me this 24th
day of April, 2008

NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5077200
Qualified in Kings County
Commission Expires May 5, 2011

EXHIBIT A

**NOTE: NO SCRATCH-OUTS OR WHITE-OUTS OF TERMS WILL BE ACCEPTED ON THIS DOCUMENT.**

## A. IMPORTANT—READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK

**The terms "I", "me", "my", and "mine" refer to the borrower.**

1   I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services

2   When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend me an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for

3   After the guarantor has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me
   a  the total dollar amount of my loan
   b  the interest rate I will pay
   c  the dollar amount of the insurance premium I will pay
   d  loan disbursement date(s)
   e  repayment terms, if principal not deferred
   f  interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. I will review my Disclosure Statement upon receiving it and will contact you if I have any questions

## B. PROMISE TO PAY

I, _GREGORY Griffith_ , promise to pay
*(Print your Name as Borrower)*

to the order of the lender, SOCIETY NATIONAL BANK, or its successor or subsequent holder, the following loan amounts requested or such lesser amount as is loaned and all other amounts stated herein

LOAN AMOUNT REQUESTED   $ _7,500_ 00

1   INTEREST: I agree to pay an amount equivalent to simple interest [as specified in (4)] on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full

2   However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program. If the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself

3   Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except for the interest accruing on this loan prior to the repayment period that was payable by the Secretary. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note

4   The interest rate will be determined according to the following
   a  If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford Loan(s)
   b  If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any Parent Loans for Students ("PLUS") or Supplemental Loans for Students ("SLS") made for enrollment periods beginning before July 1, 1988 or on any Consolidation loans(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%
   c  If I have no outstanding balance on any Stafford Loan, PLUS, or SLS made for enrollment period(s) beginning before July 1, 1988 or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status

5   The applicable interest rate
   a  until the end of the fourth year of my repayment status, and
   b  beginning with the fifth year of my repayment status will be identified on the Notice of Disclosure

6   I may also receive rebates of interest, in the form of reductions to my principal balance if required by the Higher Education Act of 1965, as amended, where the applicable interest rate is 10%

7   The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the Rules and Regulations and policies of the guarantor

I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section E below, and (c) during the time my loan payments are deferred as allowed by Section E below.

8   THE INSURANCE PREMIUM/GUARANTY FEE. The guarantor may charge a premium to guarantee my loan. The amount, if any, is governed by current law, applicable regulations and the guarantor policy and Rules and Regulations. The Insurance premium will be deducted proportionately from each disbursement. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I did not receive, which refund will be applied to my loan balance. My loan disclosure statement will show the actual insurance premium charged.

9   THE ORIGINATION FEE. The origination fee will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. The origination fee will be deducted proportionately from each disbursement

Origination fees may be refunded, pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or if the check is returned to the lender uncashed

## C. DISCLOSURE OF LOAN INFORMATION

I understand that at or before the time I receive my first loan disbursement, my lender will send me a loan disclosure statement that identifies all the terms of my loan

## D. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through a national guarantor and because of this, the loan is subject to, and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, (the Act"), federal regulations adopted under the Act, and the Rules and Regulations of the guarantor. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located

## E. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period

However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Stafford Loan Program. The Disclosure Statement will identify the length of my grace period

1   I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply
   a  If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years
   b  The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford, PLUS, SLS, or Consolidation program loans outstanding, we—pay toward principal and interest at least $600 or the unpaid principal of all such loans (plus interest), whichever is less
   c  If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above

2   I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval, however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender

3   The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins

4   My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die

## F. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed

### SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE

---

### NOTICE TO BORROWER

(A) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.
(B) YOU ARE ENTITLED TO A COPY OF THIS NOTE.
(C) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.
(D) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN CONTACT YOUR LENDER.
(E) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

X _(signature)_                       Today's Date _7/23/93_
My (Borrower's) Signature

My Name (Print) _GREGORY GRIFFITH_
My SSN _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_
My Address _119-46 226 STREET_
My City/State/Zip _CAMBRIA Heights, NY 11411_
My Law School _TOURO College_

## G. FORBEARANCE

If I am unable to repay the loan in accordance with the terms established under Repayment in this note, I may request the lender to modify these terms. I understand that such modification would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of the guarantor. I understand that a modification of repayment terms under this Section is different from Deferment (as described in the Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1   Definition—I understand that under the Act, and the Guaranty Rules and Regulations, any of the following constitutes a default —

  a   failing to make an installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments,

  b   making any false representation for the purpose of obtaining this loan,

  c   using the loan proceeds for other than educational purposes,

  d   failing to enroll in the school that approved the application for the time identified as my loan period,

  e   not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address

2   Consequences of default—If I default on this loan

  a   The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable,

  b   The lender, holder, or guaranty agency may disclose to LSAS and schools I have attended (or am currently attending) information about the default,

  c   I will be ineligible to receive assistance from the following programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Paul Douglas Scholarship, Perkins Loan (formerly NDSL), Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan or Income Contingent Loan,

  d   I will be ineligible for the benefits described under Repayment and Deferment in this Note,

  e   I will also pay all charges and other costs, including reasonable attorney's fees, that are permitted by law and regulations for the collection of these amounts Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law  Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date,

  f   The lender may assign this Note to the guarantor  I will then be required to pay the guarantor all amounts owed

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note  A late charge may not exceed 6 cents for each dollar of each late installment or $6 00, whichever is less

## J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations  If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations  This may significantly and adversely affect my ability to obtain other credit  The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days  The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me

## K. EFFECT OF RECEIPT OF STUDENT LOANS ON OTHER FINANCIAL AID

I should investigate the availability of other forms of financial aid with the school's financial aid administrator  Before I receive a loan, the school must determine my eligibility or ineligibility for a Pell Grant  It may also be to my benefit to determine my eligibility for grants, work-study and other sources of my assistance before applying for a student loan  I understand that receipt of a Stafford Loan will affect the amount of any awards that I may receive from other programs, except the Pell Grant Program

## L. DEFERMENT OF REPAYMENT

I understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred  The instances currently authorized by the Act are described below  To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the guarantor, including, without limitation, submission of required forms to the lender  I may defer payment of principal on my loan after the repayment period begins under any of the following circumstances.

1   While I am engaged in
  a   full-time study at a school that is participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a resident of the United States and am studying at a school not located in the United States, or
  b   full-time study at an institution of higher education or a vocational school that is operated by an agency of the United States government (e g , the service academies), unless I am engaged in a medical internship/residency program or I am not a national of the United States and am studying at a school not located in the United States,

2   For periods not exceeding 36 months (for each of the following) while I am—
  a   on active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service,

  b   Serving as a volunteer in the Peace Corps Act, if I have agreed to serve for a term of at least one year,
  c   Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs), if I have agreed to serve for a term of at least one year
  d   Performing full-time volunteer service, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs, for an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or
  e   Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician

3   For periods not exceeding 24 months (for each of the following) while I am—
  a   Serving in an eligible internship program, or
  b   Serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post graduate training; or
  c   Consecutively seeking but unable to find full time employment in the United States

4   For periods not exceeding 6 months when I am pregnant or caring for my newborn child or caring for a child immediately following the placement of the child with me by adoption, provided I am not attending a school and am not gainfully employed  Such period of deferment must later begin within six months after I leave school or cease to be engaged in full-time study, and must be preceded by beginning date of the deferment

In addition, I may defer payment of the principal and I am not otherwise in default may also request deferment of payment of principal on my loan after the repayment period begins under any of the following circumstances

5   While I am engaged in full-time teaching in a teacher shortage area or participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a national of the United States and I am not a resident of the United States under the Stafford Loan or SLS programs for life currently established period

6   For periods not exceeding 36 months (for each of the following)  while I am—
  a   An active duty member of the National Oceanic and Atmospheric Administration Corps, or
  b   Engaged as a full-time teacher in a public or nonprofit private elementary or secondary school in a teacher shortage area as defined by the Secretary of Education

7   For periods totaling not in excess of 12 months if I am a mother with preschool age children, am entering or reentering the work force, and am being paid at a rate that is no more than $1 00 above the minimum hourly wage prescribed by the Fair Labor Standards Act of 1938

A "new borrower" is one who has no outstanding balance on a Stafford, PLUS, SLS or Consolidation Loan on the date he or she signs the Promissory Note for a loan to cover periods of enrollment beginning on or after July 1, 1987, or disbursed on or after July 1, 1987  To receive a deferment, I must request the deferment and provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the Stafford Loan Program)  I understand that I must notify my lender when the condition entitling me to the deferment no longer exists

## M. TRANSFER OF NOTE

This Note may be transferred to a holder other than the lender  Such transfer shall not affect the rights and responsibilities of the parties as set forth herein  This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course  The assignor and assignee will notify me of any such transfer in writing if the party to whom I must send payment changes

## BORROWER STAFFORD LOAN CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct  I, the borrower, certify that the information contained in my application for the Stafford, SLS, and LAL loan is true, complete and correct to the best of my knowledge and belief and is made in good faith  At my lender's option, under the Stafford, SLS and LAL programs, I authorize the lender to make my federal loan check(s) jointly payable to me and my school and the LAL check payable to me only or to electronically transfer loan funds to my student account at my school  Thereby authorize the school to pay to the lender any refund which may be due me up to the amount of the loan  I further authorize any educational institution that I may attend, LSAS, or the guarantor to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e g, employment, enrollment status, prior loan history, current address)  I also authorize the lender, subsequent holder, their agent, educational institutes, LSAS, or the guarantor to make inquiries to or respond to inquiries from my parents, spouse or prior or subsequent lenders or holders with respect to my loan application and related documents  I also authorize the lender, subsequent holder, their agent, or the guarantor to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number  I also authorize the lender, subsequent holder, their agent, or the guarantor to check my credit and employment history and to answer questions about their credit experience with me  I certify that the proceeds of this loan will be used for educational purposes for the academic period stated in my loan application at the educational institution named on the application  I understand that I am responsible for repaying immediately any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at the institution for the loan period stated  I certify that the total amount of loans received by me under the Stafford Loan and SLS programs, Title IV, Part B of the Higher Education Act as amended, will not exceed the allowable maximums  I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Paul Douglas Scholarship and am not now in default on a Perkins Loan (correctly NDSL), or a Stafford (GSL) Loan, or a Federally Insured Student Loan, Supplemental Loans for Students, a PLUS Loan, a Consolidation Loan, or an Income Contingent Loan received for attendance at any Institution  I certify that I am a borrower eligible for participation in the Stafford, SLS and LAL programs  I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program

# Application and Promissory Note for
# Federal Stafford Loans *(subsidized and unsubsidized)*

Guarantor or Program Identification

**L Access**
1 (800) 282-1550

**WARNING** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U S C 1097

*Please print neatly or type. Read the instructions carefully.*

## Borrower Section

| | |
|---|---|
| 1 Last Name **GRIFFITH** First Name **GREGORY** MI **H** | 2 Social Security Number **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** |
| 3 Permanent Street Address (If P O Box see instructions) **20 Wendell St Apt 21F** | 5 Loan Period (Month/Year) From **8/94** To **5/95** |
| **Hempstead** State **NY** Zip Code **11550** | 6 Driver's License Number (List state abbreviation first) **GI 8336 865 71   55739069 NY** |
| 7 Lender Name **Society National Bank Wilmington DE 19803** City **831848** | 9 Date of Birth (Month/Day/Year) **11/28/69** |

10 References You must provide two separate references with different U S addresses  The first reference should be a parent or legal guardian (if living)  Both references must be completed fully

| Name | **Claudine Griffith** | **Cheryl James** |
|---|---|---|
| Permanent Address | **119-46 226 Street** | **120-52 223 rd St** |
| City, State, Zip Code | **Cambria Hts, NY 11411** | **Cambria Hts, NY 11411** |
| Area Code/Telephone | **( 718 ) 276-8843** | **( 718 ) 525-0257** |
| Relationship to Borrower | **Mother** | **Fiancee** |

## Loan Assistance Requested

11 I request the following loan type(s), to the extent I am eligible (see instructions)  ☐ a Subsidized Federal Stafford   ☑ b Unsubsidized Federal Stafford

12 I request a total amount under these loan types not to exceed (see instructions for loan maximums)  My school will certify my eligibility for each loan type for which I am applying  The amount and other details of my loan(s) will be described to me in a disclosure statement   **$ 18,500 .00**

13 If I check yes, I am requesting postponement of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods  If I check no, I do not want to defer repayment   ☑ a Yes, I want a deferment   ☐ b No, I do not want a deferment

14 If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization)  If I check no, I prefer to pay the interest   ☑ a Yes, I want my interest capitalized   ☐ b No, I prefer to pay the interest

15 If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account   ☑ a Yes, transfer funds   ☐ b No, do not transfer funds

*Continued on the reverse side.*

## Promissory Note

**Promise to Pay** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note  If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees  I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note  I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised  I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities  My signature certifies that I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement

**THIS IS A LOAN(S) THAT MUST BE REPAID!**

16 Borrower's Signature _____   Today's Date (Month/Day/Year) **6/29/94**

*To be completed by an authorized school official.*

## School Section

| | |
|---|---|
| 17 School Name **Touro Law School** | 23 School Code/Branch **010142 / 01** |
| 18 School Address **300 Nassau Rd** | 28 Telephone Number **(516) 421-2244 ext 344** |
| **Huntington** State **NY** Zip Code **11743** | 29 Recommended Disbursement Date(s) (Month/Day/Year) 1st **7-25-94** 2nd **12-12-94** 3rd _____ 4th _____ |
| 19 Loan Period (Month/Year) From **8-22-94** To **5-12-95** | 24 Cost of Attendance **$ 26803 00** |
| 20 Grade Level **B** | 25 Federal Expected Family Contribution **$ 11510 00** |
| 21 Enrollment Status (Check one) ☐ Full Time ☑ At Least Half Time | 26 Estimated Financial Aid **$ 0 00** |
| 22 Anticipated Completion (Graduation) Date (Month/Day/Year) **6-1-97** | 27 Certified Loan Amounts a Subsidized **$ 8500 00** b Unsubsidized **$ 10,000 00** |

30 School Certification (See box on the reverse side)
Signature of Authorized School Official **Gail Drapala**
Print or Type Name and Title **GAIL DRAPALA   ASST DIRECTOR of FIN AID**
Date **7-7-94** ☐ check box if electronically transmitted to guarantor

*To be completed by an authorized lending official.*

## Lender Section

| | |
|---|---|
| 31 Lender Name **Society National Bank** | 32 Lender Code/Branch **831848** |
| Street Address **P.O. Box 7400** | 33 Telephone Number **( 800 )282-1550** |
| City **Wilmington** State **DE** Zip Code **19803** | 35 Amount(s) Approved a. Subsidized **$** b Unsubsidized **$** |
| | 36 Signature of Authorized Lending Official |

34 Lender Use Only
**RECEIVED**
**JUL __ 1994**
Print or Type Name and Date

**Law Access Inc** LENDER COPY

1/31/94

# Promissory Note (continued)

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans  I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan  Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U S Department of Education regulations (collectively referred to as the Act)  The rate is presented in the statement of Borrower's Rights and Responsibilities

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full  I agree to pay all interest charges on my unsubsidized Federal Stafford Loan  I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest after disbursement  If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act  I acknowledge that my fee will be deducted proportionately from each disbursement of my loan(s)  For each loan, the guarantee agency that guarantees my loan (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act  I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s)  I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment  If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest  Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school  My grace period will be disclosed in my disclosure statement

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period  My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates  The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger  If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note  I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments

I may prepay all or any part of the unpaid balance on my loans at any time without penalty  If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events  (i) I fail to enroll as at least a half-time student at the school that certified my Application, (ii) I fail to use the proceeds of the loan(s) solely for educational expenses, (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible, or (iv) I default on the loan(s)

The following events shall constitute a default on a loan (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph, or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly  If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable

If I default, this will be reported to national credit bureau organizations and will adversely affect my credit history  I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities  Following default, the loan may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with applicable federal law and regulations, and the guarantor's policies  Applicable state laws, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school  My recovery under this provision shall not exceed the amount I paid on this loan

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located  However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source  Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder  No provision of this Note may be modified or waived except in writing  If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s)

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations

(7) I authorize the release of information pertinent to this loan  (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise, and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified  I certify that the student is an eligible borrower in accordance with the Act  I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified  I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act  I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief  I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/31/94

# Application and Promissory Note for Federal Stafford Loans *(subsidized and unsubsidized)*

**access** G R O U P

**WARNING** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097

1 (800) 282-1550

*Please print neatly or type. Read the instructions carefully.*

## Borrower Section

| 1 Last Name | First Name | MI | 2 Social Security Number |
|---|---|---|---|
| Griffith | GREGORY | H | 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 |

| 3 Permanent Street Address (If P.O. Box, see instructions) | 4 Telephone Number | 5 Loan Period (Month/Year) |
|---|---|---|
| 20 Wendell St Apt 21F | (516) 864-4649 | From 08/95 To 05/96 |

| City | State | Zip Code | 6 Driver's License Number (List state abbreviation first) |
|---|---|---|---|
| Hempstead | NY | 11550 | NY G18336 35071 557390 69 |

| 7 Lender Name | City | State | Zip Code | 8 Lender Code, if known | 9 Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| Society National Bank Wilmington DE 19803 | | | | 831848 831552 | 11/23/69 |

10 References  You must provide two separate references with different U.S. addresses.  The first reference should be a parent or legal guardian (if living).  Both references must be completed fully

| | 1 | 2 |
|---|---|---|
| Name | Claudine Griffith | Ed Gamboa |
| Permanent Address | 119-46 226 Street | 633 3rd Ave |
| City, State, Zip Code | Cambria Hts, NY 11411 | New York, NY 10016 |
| Area Code/Telephone | (718) 276-8843 | (212) 850-1126 |
| Relationship to Borrower | Mother | Business Client |

## Loan Assistance Requested

11  I request the following loan type(s), to the extent I am eligible (see instructions)  ☑ a Subsidized Federal Stafford  ☑ b Unsubsidized Federal Stafford

12  I request a total amount under these loan types not to exceed (see instructions for loan maximums)  My school will certify my eligibility for each loan type for which I am applying  The amount and other details of my loan(s) will be described to me in a disclosure statement   **$ 18,500 .00**

13  If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods  If I check no, I do not want to defer repayment   ☑ a Yes, I want a deferment  ☐ b No, I do not want a deferment

14  If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization)  If I check no, I prefer to pay the interest   ☑ a Yes, I want my interest capitalized  ☐ b No, I prefer to pay the interest

15  If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account   ☑ a Yes, transfer funds  ☐ b No, do not transfer funds

*Continued on the reverse side.*

## Promissory Note

**Promise to Pay**  I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note  If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees  I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued  I understand that this is a Promissory Note  I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised  I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities  My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature                      Today's Date (Month/Day/Year)  5/10/95

## School Section

*To be completed by an authorized school official.*

| 17 School Name | 23 School Code/Branch | 28 Telephone Number |
|---|---|---|
| Touro Law School | 010142-03 | (516) 421-2244 ext 322 |

| 18 Street Address | 24 Cost of Attendance | 29 Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 300 Nassau Rd | $ 29531 00 | 1st 8-11-95  2nd 12-27-95 |

| City | State | Zip Code | 25 Federal Expected Family Contribution | |
|---|---|---|---|---|
| Huntington | NY | 11743 | $ 29319 00 | 3rd     4th |

| 19 Loan Period (Month/Year) | 26 Estimated Financial Aid | 30 School Certification (See box on the reverse side) |
|---|---|---|
| From 8-23-95 To 5-17-96 | $ 0 00 | *Gail Drapala* |

| 20 Grade Level | 27 Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| C | a Subsidized $ 212 | GAIL DRAPALA |

| 21 Enrollment Status (Check one) | | Print or Type Name and Title |
|---|---|---|
| ☐ Full Time  ☑ At Least Half Time | b Unsubsidized $ 18288 | Asst Director MFINAID |

| 22 Anticipated Completion (Graduation) Date (Month/Day/Year) | | Date |
|---|---|---|
| 6-1-97 | | 7/3/95  Check box if electronically transmitted to guarantor ☐ |

## Lender Section

*To be completed by an authorized lending official.*

| 31 Lender Name | 32 Lender Code/Branch | 33 Telephone Number | 34 Lender Use Only |
|---|---|---|---|
| Society National Bank | 831552 | ( 800 ) 282-1550 | RECEIVED |

| Street Address | 35 Amount(s) Approved | | JUL 07 1995 |
|---|---|---|---|
| P.O. Box 7400 | a Subsidized $ 00  b Unsubsidized $ 00 | | |

| City | State | Zip Code | 36 Signature of Authorized Lending Official | Print or Type Name, Title, and Phone | |
|---|---|---|---|---|---|
| Wilmington | DE | 19803 | | The Access Group | |

1/31/94

**LENDER COPY** 84

# Promissory Note (continued)

### Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, which starts the day after I cease to attend school at least a half-time student as identified in the disclosure statement.

I will begin repayment of my loan(s) in periods beginning after any applicable grace periods. I will pay the interest following the end of my grace period. My principal repayment period for each loan generally is five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (I) I fail to enroll as at least a half-time student at the school that certified my Application, (II) I fail to use the proceeds of the loan(s) solely for educational expenses, (III) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible, or (IV) I default on the loan(s).

The following events shall constitute a default on a loan: (I) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph, or (II) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U.S.C. 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that I no longer have an address, to the latest address secured for me from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term of this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

RECEIVED
SEP 26 1995
GraduateLoan Center

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an over-payment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

### Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s)

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations

(7) I authorize the release of information pertinent to this loan (I) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise, and (II) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP

_Gregory Trust 199[?]_

_hereby assigned to_ _ [illegible] _

_Authorized Signature_

# Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**access** GROUP

**WARNING** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

1 (800) 282-1550

001357-03055

Please print neatly or type. Read the instructions carefully.

## Borrower Section

| 1. Last Name | First Name | MI | 2 Social Security Number |
|---|---|---|---|
| GRIFFITH | GREGORY | H | 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 |

| 3. Permanent Street Address (If P.O. Box, see instructions) | 4. Telephone Number | 5 Loan Period (Month/Year) |
|---|---|---|
| 20 Wendell St Apt 2lF | (516) 564-4649 | From 8/96 To 5/97 |

| City | State | Zip Code | 6 Driver's License Number (list state abbreviation first) |
|---|---|---|---|
| Hempstead | NY | 11550 | NY 897 348 405 |

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, if known | 9 Date of Birth (Month/Day/Year) |
|---|---|---|---|---|---|
| Key BANK | Wilmindon DE | | 19803 | 831552 | 11/23/69 |

10. References You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | | |
|---|---|---|
| Name | Claudine Griffith | Ed Gauroba |
| Permanent Address | 119-40 226 Street | 7a Coley St |
| City, State, Zip Code | Cambria Hts, NY 11411 | Woodbridge, NJ 07095 |
| Area Code/Telephone | (718) 276-8843 | (808) 353-3956 |
| Relationship to Borrower | Mother | Business Associate |

## Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions)     ☑ a Subsidized Federal Stafford     ☑ b Unsubsidized Federal Stafford

12 I request a total amount under these loan types not to exceed (see instructions for loan maximums) My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement     **$ 18,500 .00**

13 If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment     ☑ a Yes, I want a deferment     ☐ b No, I do not want a deferment

14 If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest     ☑ a Yes, I want my interest capitalized     ☐ b No, I prefer to pay the interest

15 If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account     ☑ a Yes, transfer funds     ☐ b No, do not transfer funds

*Continued on the reverse side.*

## Promissory Note

**Promise to Pay** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other charges and fees that may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

| 16. Borrower's Signature | Today's Date (Month/Day/Year) 6/10/96 |
|---|---|

## School Section

| 17. School Name | 23 School Code/Branch | 28 Telephone Number |
|---|---|---|
| Touro LAW School | 010142-03 | (516) 421-2244 ext 325 |

| 18. Street Address | 24 Cost of Attendance | 29 Recommended Disbursement Date(s) (Month/Day/Year) |
|---|---|---|
| 300 NASSau Rd | $ 30179 .00 | 1st 8-16-96  2nd 1-6-97 |

| City | State | Zip Code | 25 Federal Expected Family Contribution | 3rd | 4th |
|---|---|---|---|---|---|
| Huntington | NY | 11743 | $ 31180 .00 | | |

| 19 Loan Period (Month/Day/Year) | 26 Estimated Financial Aid | 30 School Certification (See box on the reverse side) |
|---|---|---|
| From 8-26-96 To 5-16-97 | $ 0 | |

| 20 Grade Level | 27 Certified Loan Amounts | Signature of Authorized School Official |
|---|---|---|
| | a. Subsidized  $ 0 | GAIL DRAPALA |

| 21 Enrollment Status (Check one) | b. Unsubsidized  $ 18500 | Print or Type Name and Title |
|---|---|---|
| ☐ Full Time   ☑ At Least Half Time | | Assoc Director of FinAid |

| 22. Anticipated Completion (Graduation) Date (Month/Day/Year) | | Date 7/19/96   ☐ Check box if electronically transmitted to guarantor |
|---|---|---|
| 5-16-97 | | *To be completed by an authorized lending official* |

## Lender Section

| 31. Lender Name | 32 Lender Code/Branch | 33. Telephone Number | 34 Lender Use Only |
|---|---|---|---|
| Key Bank USA, N.A. | 831552 | ( 800 ) 282-1550 | RECEIVED |

| Street Address | 35 Amount(s) Approved | | JUL 25 1996 |
|---|---|---|---|
| P.O. Box 7400 | a Subsidized  $ .00   b Unsubsidized  $ | | |

| City | State | Zip Code | 36 Signature of Authorized Lending Official | Print or Type Name, title, and Date |
|---|---|---|---|---|
| Wilmington | DE | 19803 | | |

2/1996

LENDER COPY

85

# Promissory Note *(continued)*

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U S Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full I agree to pay all interest charges on my unsubsidized Federal Stafford Loan I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s) I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school My grace period will be disclosed in my disclosure statement

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events. (i) I fail to enroll as at least a half-time student at the school that certified my Application, (ii) I fail to use the proceeds of the loan(s) solely for educational expenses, (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s)

The following events shall constitute a default on a loan (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U S C 1070 et seq ], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school My recovery under this provision shall not exceed the amount I paid on this loan

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source Failure by the holder to enforce or insist on compliance with any term of this Note shall not be a waiver of any right of the holder No provision of this Note may be modified or waived except in writing If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force

**A[illegible] interest of the**
**und[illegible] promissory**
**n[illegible] and the related**
**documents are hereby assigned to MHEAC**
**d.b.a. ASA Guarantor.**

6-30-99
**Date** **Authorized Signature**

AUG 27 1996

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s)

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations

(7) I authorize the release of information pertinent to this loan (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise, and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified I certify that the student is an eligible borrower in accordance with the Act I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

**NOTE: NO SCRATCH-OUTS OR WHITE-OUTS OF TERMS WILL BE ACCEPTED ON THIS DOCUMENT.**

**A. IMPORTANT—READ THIS INFORMATION CAREFULLY AND PRINT CLEARLY IN INK**

The terms "I", "me", "my", and "mine" refer to the borrower.

1    I will read the Promissory Note before I fill it out. If I have any questions, I will ask the financial aid administrator at my school or contact the Law School Admission Services

2    When the lender accepts my signed Promissory Note with my application, the lender is not necessarily agreeing to lend me the money. The lender has the right not to make a loan or lend me an amount less than the Loan Amount Requested. I will be required to repay only the amount of money that the lender lends. Laws and regulations may not allow the lender to lend me as much as I have asked for.

3    After the guarantor has agreed to guarantee my loan, the lender will send me a Disclosure Statement. The Disclosure Statement will tell me
   a    the total dollar amount of my loan
   b    the interest rate I will pay
   c    the dollar amount of the insurance premium I will pay
   d    loan disbursement date(s)
   e    repayment terms, if principal not deferred
   f    interest payment terms, if principal repayment deferred

Some of the terms on my Disclosure Statement may be different from what they are on the Promissory Note. If they are different, the terms on the Disclosure Statement apply instead of what is on this Note. I will review my Disclosure Statement upon receiving it and will contact you if I have any questions

**B. PROMISE TO PAY**

I, _GREGORY GRIFFTH_ promise to pay
(Print your Name as Borrower)

to the order of the lender, **SOCIETY NATIONAL BANK**, or its successor or subsequent holder, the following loan amounts requested or such lesser amount as is loaned and all other amounts stated herein

LOAN AMOUNT REQUESTED    $ _10,000_ 00

1    Interest. The interest will be equivalent to interest on the Loan Amount shown on the front of the application at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any 12 month period will be at the rate published for that period by the U S Department of Education for variable-rate SLS loans

2    The Insurance Premium/Guaranty Fee  I agree to pay the lender an amount equal to the insurance premium that the lender is required to pay the guarantor for the guarantee of this loan. The amount, if any, will be deducted proportionately from each disbursement. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will be applied to my loan balance. My loan disclosure statement will show the actual insurance premium charged

**C. DISCLOSURE OF LOAN INFORMATION**

I understand that at or before the time I receive my loan disbursement, my lender will send me a loan disclosure statement that identifies all the terms of my loan

**D. GENERAL**

The loan is subject to and the terms of this Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended ("the Act"), federal regulations adopted under the Act, and the Rules and Regulations of the guarantor. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located

**E. REPAYMENT**

1    I understand I can either defer payments while in school or begin repayment immediately. By law, interest on this loan begins to accrue when the loan is disbursed with the first payment due within 60 days of disbursement  However, during the period of deferment, interest shall, at my lender's option, and in accordance with the terms and conditions on the disclosure statement
   a    be paid by me in installments, or
   b    accrue and be added to the principal amount of the loan (capitalized), at repayment, in accordance with laws and regulations governing the SLS program  I will contact the lender prior to expiration of the period of deferment to negotiate the terms of repayment. If I neglect to do so, I authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 2 of this Section, without my further approval  However, my lender must inform me of the terms in writing at the latest address which I have provided to the lender

2    I will repay this loan within 10 years of the date of this Note, over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply
   a    The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford, PLUS, SLS, or Consolidation program loans outstanding, we-pay toward principal and interest at least $600 or the unpaid principal balance of all such loans (plus interest) whichever is less
   b    if I qualify for any deferment period described under Deferment in this Note, or if the lender grants "forbearance", those periods will not be included in the 5- and 10-year periods mentioned above

3    The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me

4.    My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled

**F. PREPAYMENT**

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed

**G. FORBEARANCE**

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of the guarantor. I understand that a modification of repayment terms under this Section is different from Deferment as described in this Note and that during that period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

**H. DEFAULT**

1    Definition—I understand that under the Act, and the guarantor Rules and Regulations, any of the following events is a default
   a    failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments,
   b    making any false representation for the purpose of obtaining this loan,
   c    using the loan proceeds for other than educational purposes,
   d    failing to enroll in the school that completed the application for the time identified as my loan period,
   e    not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name, or (d) change my permanent address

2    Consequences of default—if I default on this loan
   a    The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable,
   b    The lender, holder, or guaranty agency may disclose to LSAS and schools I have attended (or am currently attending) information about the default,
   c    I will be ineligible to receive assistance from the following programs  Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Paul Douglas Scholarship, Perkins Loan (formerly NDSL), Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, or Income Contingent Loan,
   d    I will be ineligible for the benefits described under Repayment and Deferment in this Note,

**SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE**

**NOTICE TO BORROWER**

(A) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.

(B) YOU ARE ENTITLED TO A COPY OF THIS NOTE.

(C) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY.

(D) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN CONTACT YOUR LENDER.

(E) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

X _(signature)_                    Today's Date _7/23/93_
My (Borrower's) Signature

My Name (Print) _GREGORY GRIFFITH_

My SSN _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_

My Address _119-46 226 STREET_

My City/State/Zip _CAMBRIA Heights, NY 11411_

My Law School _TOURO College_

**LAW ACCESS® PROGRAM (1993-94)**

**LENDER COPY**

e.  I will also pay all charges and other costs, including reasonable attorney's fees, that are permitted by law and regulations for the collection of these amounts Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements of law. Failure to exercise this option does not constitute a waiver of the lender's right to exercise the option at a later date.

The lender may assign this Note to the guarantor. I will then be required to pay the guarantor all amounts owed

## I. LATE CHARGES

If permitted by law, the lender may collect from me a late charge if I fail to pay any part of a required installment payment within 10 days after it is due (or to pay to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Note. A late charge may not exceed 6 cents for each dollar of each late installment, or $6 00, whichever is less.

## J. CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization, about the accuracy and completeness of information reported about me.

## K. DEFERMENT OF REPAYMENT

In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the guarantor, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may (a) collect on a periodic basis or (b) add to the principal balance of the loan

I may defer payment of principal on my loan after the repayment period begins under any of the following circumstances

1    While engaged in—
a.    Full-time study at a school that is participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a national of the United States and am studying at a school not located in the United States,
b    Full-time study at an institution of higher education or a vocational school that is operated by an agency of the United States government (e g , the service academies), unless I am engaged in a medical internship/residency program or I am not a national of the United States and studying at a school not located in the United States,
c    An eligible graduate fellowship program, or
d    An eligible rehabilitation training program for disabled individuals

2    For periods not exceeding 36 months (for each of the following) while I am—
a    On active duty status in the Armed Forces of the United States, or serving as an officer in the Commissioned Corps of the United States Public Health Service,
b.    Serving as a volunteer under the Peace Corps Act, if I have agreed to serve for a term of at least one year,
c    Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs), if I have agreed to serve for a term of at least one year,
d    Performing full-time volunteer service, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs, for an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1986, as amended, or
e    Temporarily totally disabled, as established by a sworn affidavit of a qualified physician, or unable to secure employment because I am caring for a spouse or other dependent who is temporarily totally disabled, as established by a sworn affidavit of a qualified physician

3    For periods not exceeding 24 months (for each of the following) while I am—
a    Serving in an eligible internship program, or
b    Serving in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post graduate training, or
c    Conscientiously seeking but unable to find full-time employment in the United States

4    For periods not exceeding 6 months when I am pregnant or caring for a newborn child or caring for a child immediately following the placement of the child through adoption, provided I am not attending school and am not gainfully employed in order to qualify for this deferment, I must have been enrolled at least half-time in a school

participating in the Stafford Loan Program, within the six-month period immediately preceding the beginning date of the deferment

In addition to the above deferments, if I am a "new borrower" (as defined below), I may also request, in addition to the above, deferments of payment of principal on my loan after the repayment period begins under any of the following circumstances

5    While I am engaged in at least half-time study at a school that is participating in the Stafford Loan Program, unless I am engaged in a medical internship/residency program or I am not a national of the United States and am studying at a school not located in the United States (residency programs), or under the Stafford Loan or SLS programs for the current/repayment/repayment.

6    For periods not exceeding 36 months (for each of the following) while I am [...] member of the National Oceanic and Atmospheric Administration Corps, [...]

7    For periods totaling not in excess of 36 months, during which [...] work [...] children, am entering [...] re-entering the work force, and am being paid at a rate of less than $1.00 above the minimum wage [...] as prescribed by the Fair Labor Standards Act of 1938

A "new borrower" is one who has no outstanding balance on a Stafford Loan, PLUS, SLS or Consolidation Loan on the date he or she signs the promissory note for a Stafford Loan made to cover periods of enrollment beginning on or after July 1, 1987, or for a loan disbursed on or after July 1, 1987

In order to receive a deferment, I must request the deferment and provide my lender with all documentation required to establish my eligibility (as set forth in the regulations governing the Stafford Loan Program) I must notify my lender when the condition entitling me to the deferment no longer exists

## L. TRANSFER OF NOTE

This Note may be transferred to a holder other than the lender. Such transfer shall not affect the rights and responsibilities of the parties as set forth herein. This Note is not intended to be a negotiable instrument, and a subsequent holder of this Note cannot be a holder in due course. The assignor and assignee will notify me of any such transfer in writing if the party to whom I must send payment changes

## BORROWER SLS CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct I, the borrower, certify that the information contained in my application for the Stafford, SLS, and LAL loan is true, complete and correct to the best of my knowledge and belief and is made in good faith At my lender's option, under the Stafford, SLS, and LAL programs, I authorize the lender to make my federal loan check(s) jointly payable to me and my school and the private LAL check payable to me only to electronically transfer loan funds to my student account at my school I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan I further authorize any educational institution that I may attend, LSAS, or the guarantor to release to the lending institution, subsequent holder, or their agents any requested information pertinent to this loan (e g , employment, enrollment status, prior loan history, current address) I also authorize the lender, subsequent holder, their agent, educational institution, LSAS, or the guarantor to make inquiries to or respond to inquiries from my parents, spouse or prior or subsequent lenders or holders with respect to my loan application and related documents I also authorize the lender, subsequent holder, their agent, or the guarantor to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number I also authorize the lender, subsequent holder, their agent, or the guarantor to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated in my loan application at the educational institution named on the application I understand that I am responsible for repaying immediately any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at the institution for the loan period stated I certify that the total amount of loans received by me under the Stafford Loan and SLS programs, Title IV, Part B of the Higher Education Act as amended, will not exceed the allowable maximums I further certify that I do not now owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, State Student Incentive Grant, or Paul Douglas Scholarship and am not now in default on a Perkins Loan (formerly NDSL), or a Stafford (GSL) Loan, or a Federally Insured Student Loan, Supplemental Loans for Students, a PLUS Loan, a Consolidation Loan, or an Income Contingent Loan received for attendance at any institution. I certify that I am a borrower eligible for participation in the Stafford, SLS and LAL programs I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program

EXHIBIT B

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

Gregory H. Griffith
Aka: Gregory Griffith
244 5th Avenue Apt. 2513
New York, NY 10001-7604
Account No: 095668007

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/27/07.

On or about 07/23/93, 06/29/94, 05/10/95 and 06/10/96 the borrower executed promissory note(s) to secure loan(s) of $7,500.00, $18,500.00, $18,500.00 and $18,500.00, from Society National Bank (Wilmington, DE) and from Key Bank (Wilmington, DE) at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by American Student Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 10/24/98, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $79,639.40 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/01/03, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $ 79,639.40 |
| Interest: | $ 39,829.86 |
| | |
| Total debt as of 07/27/07: | $119,469.26 |

Interest accrues on the principal shown here at the current rate of 8.02% and a daily rate of $17.49 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10/18/07

Loan Analyst
Litigation Support

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #2 OF 2**

Gregory H. Griffith
Aka: Gregory Griffith
244 5th Avenue Apt. 2513
New York, NY 10001-7604
Account No: 095668007

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/27/07.

On or about 07/23/93, the borrower executed promissory note(s) to secure loan(s) of $10,000.00 from Society National Bank at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by American Student Assistance and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 10/24/98, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $15,488.85 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/01/03, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal | $15,488.85 |
| Interest: | $ 8,173.51 |
| Total debt as of 07/27/07: | $23,662.36 |

Interest accrues on the principal shown here at the current rate of 8.05% and a daily rate of $3.41 through June 30, 2008, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: _10/18/07_

_Linda Faatalale_
Loan Analyst
Litigation Support